IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUPREE ARMAND MITCHELL, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-2268-C-BK |
| | § | |
| SHIRELY MITCHELL, ET AL., | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. The Plaintiff seeks leave to proceed *in forma pauperis*. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

## I.    BACKGROUND

On October 1, 2019, Mitchell filed a rambling, 36-page, amended complaint that is clearly irrational. In it, he never states a cause of action or alleges any coherent facts from which the Court can discern a cognizable cause of action. *See* Doc. 7, *passim*. Mitchell subsequently filed two other unintelligible pleadings in this case. *See* Doc. 8; Doc. 9.

## II.    ANALYSIS

Because Mitchell is seeking to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in

fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as

frivolous when it is based on an indisputable meritless legal theory or when the factual

contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter

category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or

that "rise to the level of the irrational or the wholly incredible."  *Id.* at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less

stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

("Pleadings must be construed so as to do justice.").  Even under this most liberal construction,

however, Mitchell's has failed to state a cognizable claim or anything that can be construed as

such.  Moreover, his factual contentions are woefully inadequate to support any legal claim, *see*

*Denton*, 504 U.S. at 33, and his allegations appear irrational and incredible  Accordingly,

Plaintiff's complaint should be dismissed with prejudice as frivolous.

### III.    LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to

dismissal.  However, leave to amend is not required when plaintiff "has already pleaded his 'best

case.'"  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein, Mitchell

has already filed an amended complaint; still, his apparent claims are fatally infirm.  Based on

the most deferential review of his pleadings, it is unlikely that, even if given the opportunity, he

could allege cogent and viable legal claims.  Thus, the Court concludes that granting leave to

amend under these circumstances would be futile and cause needless delay.

## IV.   CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on December 4, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).